UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARCUS A. JONES, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:20-cv-692-NAB |
| SHERIE L. KORNEMAN, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner Marcus A. Jones's motion for the appointment of counsel. The motion will be denied without prejudice.

There is no constitutional right to appointed counsel in a habeas action. *See* 28 U.S.C. § 2254(h) (stating that a court may appoint counsel for a financially eligible person); *see also Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (Noting that habeas proceedings are civil and the Sixth Amendment right to counsel is inapplicable, and that it has never "been held that there is a constitutional right to counsel in a habeas action."). Instead, a court may appoint counsel to represent a financially eligible habeas petitioner if the court determines that the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). *See also* 28 U.S.C. § 2254(h). If an evidentiary hearing is warranted, the court must appoint counsel to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. If an evidentiary hearing is unwarranted, the appointment of counsel is discretionary. *Hoggard,* 29 F.3d at 471. In exercising such discretion, district courts should consider the legal and factual complexity of the case and the petitioner's ability to investigate and present his claims, along with any other relevant factors. *Id.*

Here, it is not apparent that the appointment of counsel would be of sufficient benefit to petitioner or the Court. This case appears legally and factually straightforward, petitioner has so far demonstrated his ability to present his claims and arguments to the Court, and there is no

indication that petitioner's claims involve information that is not readily available to him. However, recognizing that circumstances may change, the Court will deny the motion for the appointment of counsel without prejudice, and will entertain future such motions, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to appoint counsel (ECF No. 2) is **DENIED** without prejudice.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of June, 2020.