UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS A. JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20CV692 RHH |
| | ) | |
| CHRIS BREWER[1], | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner Marcus A. Jones' *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is fully briefed and ready for disposition.

On March 14, 2016, a jury in the Circuit Court of Montgomery County, Missouri, found Petitioner guilty of one count of driving while intoxicated and one count of driving while revoked.[2]  On May 3, 2016, Petitioner was sentenced as a prior and persistent offender to fifteen years' imprisonment on Count I.  On Count III, he was sentenced to a consecutive term of five years' imprisonment.  Petitioner's convictions and sentence were affirmed on direct appeal. *State v. Jones*, 524 S.W.3d 608 (Mo. App. 2017).  Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after

---

1 Petitioner is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri.  *See* ECF No. 19.  Chris Brewer is the Warden and proper party respondent.  *See* 28 U.S.C. § 2254, Rule 2(a).  Because Petitioner is challenging a future consecutive sentence, Andrew Bailey, the Attorney General of Missouri, is also a proper respondent.  *See* 28 U.S.C. § 2254, Rule 2(b).

2 The jury found Petitioner not guilty on the Count II charge of murder in the second degree.

an evidentiary hearing.   The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion.   *Jones v. State*, 591 S.W.3d 928 (Mo. App. 2020).

Petitioner is currently incarcerated at the Crossroads Correctional Center in Cameron, Missouri.   As the Court construes the instant petition for writ of habeas corpus, Petitioner raises the following three[3] claims for relief:

(1)     That Petitioner received ineffective assistance of counsel, in that direct appellate counsel failed to raise a claim that Petitioner's sentence for driving while intoxicated was improperly enhanced due to his alleged status as an aggravated offender;

(2)     That Petitioner received ineffective assistance of counsel, in that direct appellate counsel failed to raise a claim that Petitioner's sentence for driving while intoxicated was improperly enhanced due to his alleged status as a prior and/or persistent offender; and

(3)     That Petitioner received ineffective assistance of counsel, in that trial counsel failed to inform him of a plea offer from the State.

The Court will address the claims in turn.

## DISCUSSION

In Missouri, "a claim [must] be presented at each step of the judicial process in order to avoid default."   *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 513 U.S. 983 (1994).   A review of the record reveals Petitioner did not raise the claims asserted in Grounds 1 through 3 in his amended 29.15 post-conviction motion, or on appeal from the denial of that motion.[4]   Because Petitioner failed to raise these claims in any

---

3 While Petitioner purports to raise four claims, grounds one and three appear to assert the same basis for relief.   The Court thus refers to the claim labeled as ground four in Petitioner's § 2254 Petition as ground three in this Order.

4 To the extent Petitioner raised the claims in his *pro se* motion for post-conviction relief, "[i]ssues set forth in a *pro se* motion for post-conviction relief but not included in the amended motion are not considered by the post-conviction motion court.   Such issues are therefore procedurally defaulted and cannot be addressed by a federal habeas court in the absence of cause and prejudice, or a showing of fundamental miscarriage of justice."   *Moore v. Larkins*, 2013 WL 4091652, at *5 (E.D. Mo. Aug. 13, 2013) (citations omitted).

– 2 –

state court proceeding, he is procedurally barred from pursuing them here.   *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.), *cert. denied*, 515 U.S. 1163 (1995).   The Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice."   *Coleman*, 501 U.S. at 750.[5]

## I.   Ground 1

In Ground 1 of his petition Petitioner asserts he received ineffective assistance of counsel, in that direct appellate counsel failed to raise a claim that Petitioner's sentence for driving while intoxicated was improperly enhanced due to his alleged status as an aggravated offender.[6]   Specifically, Petitioner maintains he did not qualify as an aggravated offender for purposes of the driving while intoxicated statute, as he was acquitted of the charge of second-degree murder.   (§ 2254 Petition, PP. 3-4, 6-7).

As noted above, Petitioner did not raise this claim of ineffective assistance of appellate counsel in his amended 29.15 post-conviction motion, or on appeal from the denial of that motion.   Petitioner attempts to establish cause for his procedural default, by asserting his post-conviction counsel abandoned the claim during the post-conviction proceeding.   (*See* ECF No. 1-1).[7]

---

[5] Petitioner has not shown that a fundamental miscarriage of justice will result if his defaulted claims are not considered.   *See Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (petitioner must present new evidence that affirmatively demonstrates he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), *cert. denied*, 549 U.S. 1036 (2006).

[6] To the extent Petitioner intends to assert a claim for double jeopardy in Ground 1, the Court denies the claim for the reasons set forth in Respondent's response.

[7] To the extent Petitioner attempts to assert an independent claim that his post-conviction counsel was ineffective for abandoning the claim, such claim is not cognizable in this federal habeas proceeding.   *See, e.g., Stevenson v. Wallace*, 2013 WL 7098642, at *4 (E.D. Mo. Aug.

– 3 –

"Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan,* 566 U.S. 1, 9, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012).   "For ineffective assistance of post-conviction counsel to constitute cause, petitioner must show that counsel's assistance was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and further demonstrate that the underlying claim of ineffective assistance of [] counsel is a 'substantial' one, that is, that the claim has some merit." *Moore*, 2013 WL 4091652, at *5 (citing *Martinez*, 132 S.Ct. at 1318).   The Court thus turns to a discussion of Petitioner's underlying claim of ineffective assistance of appellate counsel.

"It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel on direct appeal." *Cole v. Dormire*, 2011 WL 1258249, at *14 (E.D. Mo. Jan. 20, 2011) (citing *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985); *Douglas v. California*, 372 U.S. 353, 357–58 (1963)).   "The proper standard for evaluating a claim of ineffective assistance of appellate counsel is that set forth in *Strickland*, *supra*." *Id.* (citations omitted).   In other words, Petitioner must show that his appellate attorney's performance fell below the reasonable standard of competence, and that there is a reasonable probability that the result would have been different absent this deficient performance. *See Strickland*, 466 U.S. at 687; *Gee v. Groose*, 110 F.3d 1346, 1352 (8th Cir. 1997).

---

14, 2013) (internal quotation marks and citation omitted) ("In *Martinez*, the Court held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.   The Court did not hold, as Petitioner appears to argue, that a claim for ineffectiveness of postconviction-relief counsel is an independently cognizable claim."); *Yarberry v. Sachse*, 2013 WL 3231539, at *5 (W.D. Mo. Jun. 26, 2013) ("If petitioner intends to assert an independent claim of ineffective assistance of post-conviction counsel, petitioner's claim is not cognizable in federal habeas."); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

– 4 –

"Appellate counsel is expected to winnow the issues on appeal to highlight the most meritorious issues and eliminate the sure losers." *Cole*, 2011 WL 1258249, at *14 (citing *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983); *Gee*, 110 F.3d at 1352; *Pollard v. Delo*, 28 F.3d 887, 889 (8th Cir. 1994)).  "An attorney's decision not to raise an unwinnable issue on appeal is an important strategic decision in competent appellate advocacy, and does not constitute ineffective assistance of appellate counsel." *McCord v. Norman*, 2012 WL 1080925, at *16 (E.D. Mo. Mar. 30, 2012) (citations omitted).  Thus, "[i]f an issue an appellate attorney failed to raise on appeal is not meritorious, then appellate counsel cannot be considered ineffective for having failed to argue that issue on appeal." *Cole*, 2011 WL 1258249, at *14 (citations omitted).

As noted above, to succeed on his claim Petitioner must show the claim appellate counsel failed to raise, *i.e.*, that Petitioner's sentence for driving while intoxicated was improperly enhanced due to his alleged status as an aggravated offender, "is a 'substantial' one, that is, that the claim has some merit." *Moore*, 2013 WL 4091652, at *5 (citation omitted).  Missouri Revised Statues § 577.010 states that, "[a] person commits the offense of driving while intoxicated if he or she operates a vehicle while in an intoxicated condition."  Mo. Rev. Stat. § 577.010.1.  The offense is a class B misdemeanor, unless there exist circumstances justifying an enhancement. *State v. Shepherd*, 2021 WL 864772, at *11 n. 5 (Mo. App. Mar. 9, 2021). Petitioner apparently maintains the classification of his offense should not have been increased, as by finding him not guilty of second degree murder the jury necessarily found he did not "act[] with criminal negligence to cause serious physical injury to another person" while driving while intoxicated. *See* Mo. Rev. Stat. § 577.010.2(4)(c).

Upon review of the record, the Court finds Petitioner's offense was not enhanced on the basis of his being concurrently charged with second degree murder.  Rather, Count I of the Second Amended Information charged Petitioner with the class C felony of driving while

intoxicated as an aggravated offender, in violation of Section 577.010 RSMo. (*See* Respondent's Exh. E, P. 55). When Petitioner was charged, if the defendant was an "aggravated offender" at the time of the offense, he or she would be convicted of a class C felony. *See* Mo. Rev. Stat. § 577.023.4 ("Any person who pleads guilty to or is found guilty of a violation of section 577.010…who is alleged and proved to be an aggravated offender shall be guilty of a class C felony.").[8]  *See also State v. Clark*, 503 S.W.3d 235, 236 (Mo. App. 2016); *State v. Rattles*, 450 S.W.3d 470, 473 (Mo. App. 2014). "Aggravated offender" in turn was defined in relevant part as "a person who…has pleaded guilty to or has been found guilty of one or more intoxication-related traffic offense and, in addition, any of the following:…assault in the second degree under subdivision (4) of subsection 1 of section 565.060…" Mo. Rev. Stat. § 577.023.1(1)(b). The statute further provided as follows:

> The state, county, or municipal court shall find the defendant to be a prior offender, persistent offender, aggravated offender, or chronic offender if:
> (1)   The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender or persistent offender; and
> (2)   Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt the defendant is a prior offender, persistent offender, aggravated offender, or chronic offender; and
> (3)   The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender, persistent offender, aggravated offender, or chronic offender.

Mo. Rev. Stat. § 577.023.7.

In the Second Amended Information, the prosecuting attorney charged that Petitioner qualified as an aggravated offender,

> in that on or about January 12, 2013, on North Service Road, in the County of Warren, State of Missouri, the defendant operated a motor vehicle while under the influence of alcohol, and
> on or about January 24, 1994, defendant had pleaded guilty to assault in the

---

8 Sections 577.010 and 577.023 were both amended after proceedings concluded in Petitioner's case.

second degree, for events occurring on July 11, 1993, in the Circuit Court of Boone County, Missouri, and on or about July 2, 1991, defendant had pleaded guilty to driving with excessive blood alcohol content, for events occurring on April 7, 1991, in the Circuit Court of St. Charles County, Missouri.

(Resp. Exh. E, P. 55).

During the motions hearing held prior to Petitioner's trial in Missouri State court, the State offered Exhibit 26, a certified copy from a 1993 Boone County prior conviction for assault second while driving while intoxicated. (*See* Trial Transcript, attached to Respondent's Response as Exh. L, P. 103). The State further offered Exhibit 27, Petitioner's driving record, which showed a conviction for excessive blood alcohol content. (*Id.*). The court admitted both exhibits without objection from Petitioner.[9] (*Id.*, PP. 103-04). The court then made the specific finding that Petitioner was an aggravated offender for purposes of the charge of driving while intoxicated, and thus subject to the punishment level of a class C felony. (*Id.*, P. 104).[10]

Upon consideration of the foregoing, the Court finds the State sufficiently alleged and proved Petitioner to be an aggravated offender. *See* Mo. Rev. Stat. § 577.023.4. Petitioner thus correctly was found guilty of a class C felony, and so he fails to establish that the underlying claim of ineffective assistance of appellate counsel is a substantial one. *See Moore*, 2013 WL 4091652, at *5 (citation omitted). Ground 1 of Petitioner's § 2254 Petition will therefore be denied.

## II.   <u>Ground 2</u>

In Ground 2 of his petition Petitioner asserts that he received ineffective assistance of counsel, in that direct appellate counsel failed to raise a claim that Petitioner's sentence for driving while intoxicated was improperly enhanced due to his alleged status as a prior and/or

---

9 Pursuant to Mo. Rev. Stat. § 577.023.11, "[t]he defendant may waive proof of the facts alleged."

10 Pursuant to Mo. Rev. Stat. § 558.011.1(3), the authorized term of imprisonment for a class C

persistent offender.   (§ 2254 Petition, PP. 5-6).   Specifically, Petitioner maintains he was not a prior and/or persistent offender, as this offense was his first (and only) charge for driving while intoxicated.

As noted above, Petitioner did not raise this claim of ineffective assistance of appellate counsel in his amended 29.15 post-conviction motion, or on appeal from the denial of that motion.   Petitioner attempts to establish cause for his procedural default, by asserting his post-conviction counsel abandoned the claim during the post-conviction proceeding.

Upon consideration, the Court again finds that Petitioner fails to establish the claim appellate counsel failed to raise, *i.e.*, that Petitioner's sentence for driving while intoxicated was improperly enhanced due to his alleged status a prior and/or persistent offender, "is a 'substantial' one, that is, that the claim has some merit."   *Moore*, 2013 WL 4091652, at *5 (citation omitted).   Missouri Revised Statues § 558.021.1 states as follows:

> The court shall find the defendant to be a prior offender [or] persistent offender…if:
> (1)     The indictment or information, original or amended, or the information in lieu of an indictment pleads all essential facts warranting a finding that the defendant is a prior offender [or] persistent offender,…; and
> (2)     Evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a prior offender [or] persistent offender,…; and
> (3)     The court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a prior offender [or] persistent offender[.]

*Id.*   Section 558.016 defines "prior offender" as "one who has been found guilty of one felony", and "persistent offender" as "one who has been found guilty of two or more felonies committed at different times."   Mo. Rev. Stat. § 558.016.2, 3.

As noted above, Count I of the Second Amended Information charged Petitioner with the class C felony of driving while intoxicated as an aggravated offender.   (Respondent's Exh. E, P.

---

felony is "a term of years not less than three years and not to exceed ten years."

55).   The Information continued as follows:

> Defendant is a prior offender under Section 558.016, RSMo.   Defendant is also a persistent offender and is punishable by sentence to an extended term of imprisonment, specifically that of a B felony, under Sections 558.016 and 557.036, RSMo., in that he has been convicted of two or more felonies committed at different times.   The felonies are as follows:
> 1.      On or about November 1, 1982, Defendant was convicted of the felony of burglary in the first degree in the Circuit Court of Boone County for events occurring on September 17, 1982, and
> 2.      On or about May 23, 1988, Defendant was convicted of burglary in the second degree in the Circuit Court of Boone County for events occurring on November 17, 1987.

(*Id.*).

During the motions hearing held prior to Petitioner's trial in Missouri State court, the State offered Exhibits 28 and 29, which were certified copies regarding 1982 and 1988 prior felony convictions from Boone County.   (Resp. Exh. L, P. 105).   The court admitted the two exhibits without objection from Petitioner.[11]   (*Id.*).   The court then made the specific finding that Petitioner was a prior and persistent felony offender for purposes of the charge of driving while intoxicated.   (*Id.*, PP. 105-06).

Upon consideration of the foregoing, the Court finds the State sufficiently alleged and proved Petitioner to be a persistent offender.   *See* Mo. Rev. Stat. §§ 558.016, 558.021. Pursuant to Mo. Rev. Stat. § 558.016.7, "[t]he court shall sentence a person, who has been found to be a persistent offender…and is found guilty of a class B, C, D, or E felony to the authorized term of imprisonment for the offense that is one class higher than the offense for which the person is found guilty."   Petitioner thus properly was sentenced to a term of imprisonment of fifteen years, consistent with the range of punishment for a class B felony.   *See* Mo. Rev. Stat. § 558.011.1(2) ("The authorized terms of imprisonment…are:…For a class B felony, a term of

---

11 Pursuant to Mo. Rev. Stat. § 558.021.5, "[t]he defendant may waive proof of the facts alleged."

years not less than five years and not to exceed fifteen years.").   Petitioner's underlying claim of ineffective assistance of appellate counsel thus was not a substantial one, *see Moore*, 2013 WL 4091652, at *5, and so Ground 2 of Petitioner's § 2254 Petition must be denied.

### III.   <u>Ground 3</u>

In Ground 3 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to inform him of a plea offer from the State.   (§ 2254 Petition, PP. 8-9).   Specifically, Petitioner claims that trial counsel failed to tell him that the State offered a term of imprisonment of five years in the event he agreed to plead guilty to the charged offenses.[12]

As noted above, Petitioner did not raise this claim of ineffective assistance of trial counsel in his amended 29.15 post-conviction motion, or on appeal from the denial of that motion.   The claim is thus procedurally barred, and the Court may only reach the merits if Petitioner establishes cause for the procedural default and resultant prejudice.   *Coleman*, 501 U.S. at 731-32, 750.

The Court finds it need not consider whether Petitioner sufficiently establishes cause[13], as he fails to demonstrate the requisite prejudice, *i.e.*, that the underlying claim has merit.   Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial."   *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).   Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."   *Id.* at 690.   To

---

12 Petitioner asserts that had he known of the offer, he would have accepted it immediately.   (§ 2254 Petition, P. 8).
13 Petitioner attempts to establish cause for his procedural default by asserting he only recently learned of the alleged original plea offer.

overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The Court is not required to "address both components of the [effective assistance of counsel] inquiry if [a petitioner] makes an insufficient showing on one [component]." *Id.* at 697.

The United States Supreme Court addressed the effectiveness of counsel in the context of plea negotiations in *Missouri v. Frye*, 566 U.S. 134 (2012). In *Frye*, the Supreme Court concluded that, "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. Counsel thus does not meet the standards outlined in the Sixth Amendment if counsel does not consult with the defendant regarding a formal plea offer and allow him "to consider it." *Id.* In order to establish prejudice under *Frye*,

> from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law.

*Id.* at 147.

As noted above, Petitioner claims trial counsel failed to inform him that the State offered a term of imprisonment of five years, in the event he agreed to plead guilty to the charged

offenses.   As proof, Petitioner submits two letters from the Office of Prosecuting Attorney to trial counsel.   In the first letter, dated February 22, 2014, Jennifer Bartlett stated she was forwarding trial counsel a copy of a plea agreement setting forth her recommendation, and that the offer would remain valid until April 30, 2014.   (*See* Petitioner's Att. 12, ECF No. 1-1, P. 18).   The letter did not state the recommendation was for five years' incarceration, however, and Petitioner does not attach a copy of the proposed plea agreement to his § 2254 Petition.   In the second letter, dated January 27, 2015, Kelly King stated she was forwarding trial counsel a copy of a plea agreement setting forth her recommendation, and that the offer would remain valid until February 4, 2015.   (Petitioner's Att. 13, ECF No. 1-1, P. 19).   Petitioner's attachment 13 includes an unsigned Memorandum of Plea Agreement, offering Petitioner concurrent sentences of seven years, twenty years, and four years, respectively, in the event he agreed to plead guilty to Counts I through III.   (*Id.*, PP. 20-21).

Prior to trial, the State court held a *Frye* hearing to place on the record any plea offers that were made to Petitioner.   (Resp. Exh. L, PP. 38-39).   During the hearing, the court asked whether there had been a recommendation, and Ms. King stated the recommendation was "seven years on Count I, twenty years on Count II, and four years on Count III," all to run concurrently for a total of twenty years.   (*Id.*, P. 38).[14]   The prosecuting attorney did not reference any other plea offers, and Petitioner indicated that he did not wish to accept the recommendation.   (*Id.*, PP. 38-39).

Upon consideration of the foregoing, the Court finds that with this claim Petitioner fails to demonstrate his trial counsel's performance was constitutionally deficient.   In other words, absent any additional proof of a prior proposal allowing for less prison time, the Court cannot

---

14 The State reiterated the stated terms of the offer during the motions hearing prior to trial. (*See* Resp. Exh. L, PP. 107-08).

find that trial counsel was ineffective for failing to present the alleged offer.[15]   Petitioner thus fails to establish that the underlying claim of ineffective assistance of counsel raised in Ground 3 is a 'substantial' one, and so the relief he seeks must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice.   A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.   *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (ECF No. 19) is **DENIED**.

Dated this 16th day of May, 2023.

RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE

---

15 Respondent underscores the unlikeliness of Petitioner's claim regarding the alleged plea offer, by noting that as charged, Petitioner could not have received a five-year sentence for his offenses, as second-degree murder is a class A felony carrying a minimum term of ten years' imprisonment.  (Respondent's Response to Order to Show Cause, PP. 12-13, citing Mo. Rev. Stat. §§ 565.021, 558.011).